UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES F. MEECHAN, | ) | CASE NO. 5:15-cv-1712 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| U.S. ARMY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On August 26, 2015, plaintiff *pro se* James F. Meechan filed this action against the U.S. Army. In his complaint, plaintiff alleges as follows: he enlisted in the Army in 1969, after his Selective Service classification was changed from 3-A to 1-A; he enlisted because he was led to believe he was going to be drafted; his 1-A classification was erroneous because he had provided medical evidence of a childhood brain injury, which should have exempted him from military service; he nevertheless served with distinction in Vietnam, earning a Bronze Star Medal with Valor, an Army Commendation Medal with Valor, and the Combat Infantry Badge; he only learned in 2005 that his military records reflected his childhood brain injury and that this should have excused him from military service; and, he suffers from post-traumatic stress disorder as a result of his military service. Based on these allegations, plaintiff seeks damages for the suffering he has experienced since his honorable discharge from the Army in December 1970.[1]

---

[1] The Court acknowledges plaintiff's sacrifice on behalf of his country, and does not doubt he has suffered serious, long-term problems from his military service.

Now before the Court is defendant's motion to dismiss (Doc. No. 8), which asserts the Court lacks jurisdiction, and that plaintiff does not set forth a valid, timely claim in any event, because: 1) the Federal Tort Claims Act ("FTCA") does not waive the government's sovereign immunity for "any claim arising out of combatant activities of the military … during time of war;" 2) the *Feres* doctrine[2] exempts the government from liability for plaintiff's claim; and 3) even if plaintiff had otherwise set forth a valid FTCA claim, that claim would be time-barred because it was not made within two years of when it would have accrued.

Where a defendant raises the issue of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006) ("federal courts are under an independent obligation to examine their own jurisdiction").

While Plaintiff has filed memoranda opposing defendant's motion to dismiss, he cannot refute this Court's clear-cut lack of jurisdiction over his claim – based on the FTCA exemption cited above and the *Feres* doctrine. Instead, he states he has been advised by others to seek relief here, and argues that justice would be served if he received a settlement in this case. While the Court understands and appreciates that argument, it cannot expand its jurisdiction to accommodate it.

---

[2] *See Feres v. United States*, 340 U.S. 135, 146, 71 S. Ct. 153, 95 L. Ed. 152 (1950) (government not liable under FTCA for injuries arising out of or in the course of activity incident to service).

Based on the foregoing, defendant's motion to dismiss (Doc. No. 8) is GRANTED and this action is DISMISSED.

**IT IS SO ORDERED**.

Dated: January 19, 2016

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**